UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| AMAZON.COM, INC., and AMAZON FULFILLMENT SERVICES, INC.,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>COYOTE LOGISTICS, LLC, and CP TRANSPORT, INC.,<br><br>　　　　Defendants,<br><br><br>COYOTE LOGISTICS, LLC,<br><br>　　　　Third-Party Plaintiff<br><br>　　v.<br><br>CP TRANSPORT, INC.,<br><br>　　　　Third-Party Defendant. | Case No. C11-1015RSL<br>(consolidated with C12-0097RSL)<br><br><br><br><br>ORDER DIRECTING ENTRY OF JUDGMENT |

　　　　This matter comes before the Court on third-party plaintiff Coyote Logistics, LLC's "Motion for Default Judgment" (Dkt. # 42) and plaintiff's "Motion for Default Judgment" (Dkt. # 45) against CP Transport, Inc. The moving parties allege that CP Transport was hired to transport a container of Amazon Kindles from Washington to Delaware in November 2009 and that the driver left the shipment unattended at a truck stop, resulting in the

ORDER DIRECTING ENTRY OF JUDGMENT - 1

theft of the truck, container, and goods. Amazon and Coyote Logistics have asserted claims of breach of contract, breach of bill of lading, loss under the Carmack Amendment, negligence, and/or equitable indemnification against CP Transport arising out of the loss of the Kindles. In the First Amended Complaint, Amazon requested an award of lost market value in the amount of $1,454,346.00, plus the reasonable costs of investigating, recovering, repairing, and shipping the recovered goods. Dkt. # 21. Although CP Transport was served in this action, it has not responded. Default was entered against it in October 2013. Dkt. # 38 and 41.

Upon entry of default, the well-pleaded allegations of the complaint relating to defendant's liability are taken as true, and the defaulting party is deemed to have admitted all allegations in the complaint pertaining to liability. See TeleVideo System, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987); Danning v. Lavine, 572 F.2d 1386, 1389 (9th Cir. 1978); Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc., 722 F.2d 1319, 1323 (7th Cir. 1983). The court need not make detailed findings of fact as long as the allegations contained in the pleadings are sufficient to establish liability. Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Having reviewed the memorandum, declarations, and exhibits submitted by the moving parties, including the evidence related to damages, the Court finds that there is an adequate basis to enter judgment as follows:

(a) in favor of Coyote Logistics, LLC, and against CP Transport, Inc., in the amount of $685,000.00.

(b) in favor of Amazon.com, Inc., and Amazon Fulfillment Services, Inc., and against CP Transport, Inc., in the amount of:

| | |
|---|---|
| Actual Damages | $1,534,286.10 |
| Prejudgment Interest | $597,737.10 |
| Offset of Amount Paid by Coyote Logistics | ($685,000.00) |

for a total of $1,447,023.20.

ORDER DIRECTING ENTRY OF JUDGMENT - 2

1  The Clerk of Court is directed to enter judgment accordingly.

3  Dated this 11th day of December, 2013.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DIRECTING ENTRY OF JUDGMENT - 3